```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
               SOUTHERN DIVISION AT LONDON

UNITED STATES OF AMERICA,

      Plaintiff,
                               Docket No. 6:18-CR-30
VS.                            At London, Kentucky
                               Tuesday, January 29, 2019
                               5:14 p.m.
KIMBERLY JONES,

      Defendant.
                      - - -

 EXCERPTED TRANSCRIPT OF JURY TRIAL PROCEEDINGS BEFORE
    U.S. DISTRICT JUDGE GREGORY F. VAN TATENHOVE
                    Day 1 of 8 Days

                      - - -

APPEARANCES:

For the United
States:              ANDREW E. SMITH
                     Assistant United States Attorney
                     260 West Vine Street
                     Suite 300
                     Lexington, Kentucky  40507-1612
                     (859) 685-4849

For the Defendant:   NED PILLERSDORF
                     RYAN D. MOSLEY
                     Pillersdorf, DeRossett& Lane
                     124 West Court Street
                     Prestonsburg, Kentucky  41653
                     (606) 886-6090

Court Reporter:      SANDRA L. WILDER, RMR, CRR
                     Official Court Reporter
                     313 John C. Watts Federal Building
                     330 West Broadway, Suite 327
                     Frankfort, Kentucky  40601


      Proceedings recorded by mechanical stenography,
   transcript produced by computer.
```

1  *[Jury selection was held by The Honorable*
2  *Gregory F. Van Tatenhove, District Judge, but not*
3  *requested to be transcribed herein, and the following*
4  *proceedings commenced at 5:14 p.m. in open court.]*
5      THE COURT: Okay. You can be seated. I want
6  to touch on a couple of things this evening before we
7  recess. I don't think it'll take too long, counsel.
8      First of all, I want to talk about the
9  schedule. So this week we'll have a full day,
10 tomorrow, which is Wednesday. We're going to start at
11 9 a.m. on Thursday and go to 12:30 on Thursday, and
12 then we'll have a full day on Friday.
13     And I think we all anticipate this case goes
14 to next week. We'll have a full day on Monday. Yes,
15 sir?
16     MR. PILLERSDORF: Judge, I thought you had
17 previously allowed me to be absent Monday?
18     THE COURT: I think we did talk about that,
19 yeah. Do you still need that?
20     MR. PILLERSDORF: I would renew my request.
21 It's a mediation involving a lot of lawyers.
22     THE COURT: Yes. Okay. Well, we can do
23 that. We'll do that. We're going to have to work
24 through the -- you know, probably all week next week,
25 I understand with the late start today and taking a

1  couple of half-days off.  But we'll let the jury know
2  tomorrow that we'll recess on Monday; I did make that
3  accommodation when we set this matter.
4          We'll have a full day on Tuesday, a full day
5  on Wednesday.  If it's necessary to get the case done
6  by the end of the week, we'll have a full day
7  Thursday.  But if not and we can -- with a full day
8  Friday it looks like we can complete the case by the
9  end of the week, we'll go from 9 to 12:30 on Thursday
10 of next week.  Just a notice.  I haven't made a final
11 decision.  Let's see how things are unfolding.  And
12 then, of course, we'll have the full day on Friday.
13         So we may need the full day next Thursday,
14 given the fact that we're not in court on Monday, but
15 we'll just have to see how things are unfolding.
16         Mr. Smith, let me see if you have any
17 questions about the calendar.
18         MR. SMITH:  No, Your Honor.
19         THE COURT:  Okay.  Mr. Pillersdorf, anything
20 else?
21         MR. PILLERSDORF:  You expect us to be here at
22 9 tomorrow morning or 9:30?
23         THE COURT:  Yeah.  So I try to be available
24 between 9 and 9:30 for preliminary matters.  I'm not
25 real strict.  I'm not going to walk in at 9:00, and if

1  you're not here, you know, we'll wait.  And if you
2  know you have preliminary matters and you're here, we
3  can take those up.  We'll try to get started as close
4  to 9:30 as we can.
5            There is a pending motion in limine.  I guess
6  I wanted to kind of get the government's response, if
7  you've had a chance to look at that and think about
8  that, and it'd be helpful to know kind of what you
9  would anticipate the testimony to be as it relates to
10 a statement apparently you've taken of Mr. McPherson.
11           MR. SMITH:  Yes, Your Honor.  A couple
12 things, just by way of background.  The Court
13 obviously knows some of the background with
14 Mr. McPherson in proceedings last week.  He came in
15 and proffered after those proceedings.  So the first
16 part of the motion referenced the timing of the
17 disclosure.  And frankly, that's the reason why he was
18 standing trial, and then proffered afterwards.
19           I will say for the Court's reference, we've
20 previously produced two other interview memoranda we
21 had taken up to Mr. McPherson before that case
22 started.  A lot of the allegations there are contained
23 in this most recent one.
24           I think what I would recommend at this stage
25 is perhaps delaying argument on this.  I don't know

whether and how we're going to use Mr. McPherson in this.  There's fairly a decent chance, given some of the issues naturally that go along with a witness like that, we may not call him, or it would come later in the case.

So I think if we can just see how the case shakes out, we'd obviously oppose the motion.  We think that at least that some of the testimony should come in.

THE COURT:  And to be clear, you would -- I think he's now on your amended witness list --

MR. SMITH:  He is.

THE COURT:  -- so he would be called as a witness?

MR. SMITH:  Correct.

THE COURT:  It doesn't moot out all the objections, but it does, I think, perhaps limit -- you know, narrow those options.  You may still -- I'm not preliminarily ruling on any objections you have, but I think that would be helpful for the defense to think about these objections in the context of the fact that he be called as a witness.

Okay.  Mr. Pillersdorf, I am going to defer, but I'd be pleased to hear anything ...

MR. PILLERSDORF:  Obviously, Judge, we didn't

1 distinguish Mr. McPherson; we didn't know the
2 background.  I assume he was convicted, and it sounds
3 like there's now an immunity agreement with him, or, I
4 take that back, a cooperation agreement.
5             MR. SMITH:  No agreement.
6             MR. PILLERSDORF:  Okay.
7             THE COURT:  So let's see -- that is what it
8 is.  We now have a petty good sense that you're going
9 to use this witness.  You're not going to try to get
10 some statement into evidence; you would call him as a
11 live witness.  All objections would be available in
12 terms of whether or not that's true.
13            MR. SMITH:  Oh, I see. Yes.  Your Honor,
14 we're not going to call -- for instance, the agent
15 wouldn't come and we'd try to move in somehow what
16 McPherson told us, no, no, no.  If that comes in at
17 all, it would be through him as a witness, correct,
18 yes.
19            THE COURT:  Okay.  That sounds good.
20 Anything else I can address for you, Mr. Smith --
21            MR. SMITH:  No, Your Honor.
22            THE COURT:  -- to keep us moving forward?
23            Mr. Pillersdorf?
24            MR. PILLERSDORF:  Judge, I will try to make
25 arrangements -- I have a mediation on Monday.  It's

1 actually here in London, and I'm going to try and make
2 some phone calls. It's hard to predict how long the
3 mediation will last. And, you know, it's a
4 significant mediation. It involves all of the former
5 Eric Conn clients, so about 3,600 people are impacted.
6 So it may be a short mediation. And I'm thinking --
7 I'm going to see if I can make some phone calls and
8 send out emails and see if there's some chance the
9 mediation could be done by noon, and we could start at
10 1.
11        THE COURT: I'd be really pleased to do that.
12        MR. PILLERSDORF: I will do that because I
13 understand I'm inconveniencing everybody by this
14 mediation.
15        THE COURT: Well, you brought it to our
16 attention. I appreciate you reminding me of it. You
17 brought it to our attention when we were involved in
18 the difficult task of finding a window in the Court's
19 calendar right now to be able to try this case,
20 though, and I appreciate your willingness to do that.
21        You need to know that if you had some
22 assurance that you could accomplish what you need to
23 accomplish in a half a day, we'd have a half-day of
24 court.
25        Obviously, the sooner the government kind of

```
 1  has a feel for that, the better, but ...
 2          MR. PILLERSDORF:  I guess my question is, if
 3  I can make arrangements that we get some assurance
 4  that we adjourn the mediation at, say, 12:30, I'm just
 5  tossing it out, perhaps we could start at 1 on Monday.
 6          THE COURT:  Yes.  We would start -- we would
 7  have a half-day on that day, if need be.
 8          MR. SMITH:  Okay.  I'll try to contact the
 9  people involved and see if we can get an agreement,
10  then the mediation at 12:30.
11          THE COURT:  Okay.  Let us know; keep us
12  apprised of that.
13          Everybody have a good evening.  And we'll
14  stand in recess until 9:30 tomorrow morning.
15          [RECESS - 5:21 p.m.]
16                     * * * * * *
17          I, SANDRA L. WILDER, RMR, CRR, certify that
18  the foregoing is a correct transcript from the record
19  of proceedings in the above-entitled matter.
20
21  /s/ Sandra L. Wilder RMR, CRR      Date of Certification:
    Official Court Reporter            August 22, 2019
22
23
24
25
```