## NOT RECOMMENDED FOR PUBLICATION

No. 21-5191

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Nov 18, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KIMBERLY JONES, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before:  GIBBONS, STRANCH, and LARSEN, Circuit Judges.

Kimberly Jones, a federal prisoner proceeding pro se, appeals the district court's order denying her motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In 2019, a jury convicted Jones of seven counts of unlawfully dispensing Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced her to a total term of 78 months of imprisonment, and we affirmed.  *United States v. Jones*, 825 F. App'x 335, 343 (6th Cir. 2020).  Jones is 56 years old and is incarcerated at Alderson FPC with a projected release date of August 22, 2024.

In December 2020, Jones filed a motion for compassionate release, arguing that her numerous medical conditions, as well as her age, made her particularly susceptible to developing a severe form of COVID-19.  She also argued that she had a young child to care for, her offenses were non-violent, and she posed no danger to the community.

The district court found that Jones's medical conditions, coupled with the COVID-19 pandemic, constituted "compelling and extraordinary" reasons for release. It nevertheless concluded that the 18 U.S.C. § 3553(a) sentencing factors did not support granting early release and denied the motion.

On appeal, Jones argues that (1) the district court expressly found that she established extraordinary and compelling reasons that warranted relief, (2) the district court erred by finding that she was a danger to the community, and (3) a danger-to-the-community finding is not dispositive in any event. She contends that the Bureau of Prison's own evaluation tools show that she has "minimum" recidivation and "violent pattern" scores, and she contends that she has had no behavioral issues and has served as a teacher's aide while incarcerated. According to Jones, she has already received sufficient punishment because the collateral consequences of her conviction effectively prevent her from continuing her career as a pharmacist.

We review for an abuse of discretion a district court's denial of a motion for compassionate release. *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law.'" *Id.* (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)).

The compassionate release statute allows a district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). When a defendant files for compassionate release on her own behalf, as Jones did, no policy statement applies, so the second requirement plays no role. *See Elias*, 984 F.3d at 519.

As an initial matter, Jones appears to argue that the district court improperly denied relief based on a finding that she presented a danger to the community. But the district court mentioned

No. 21-5191

- 3 -

the danger-to-the-community factor only when it referenced Jones's own argument that she did not pose such a danger.  It did not deny relief on this basis.

The district court found that "the Section 3553(a) factors do not weigh in favor of release because Ms. Jones abused her position as a pharmacist and was then untruthful about her actions at trial."  This finding alone is sufficient to deny relief, as long as the district court did not abuse its discretion.  *See Ruffin*, 978 F.3d at 1008.  District courts have "substantial discretion" when balancing the § 3553(a) sentencing factors.  *Id.* at 1005.  Although Jones argues on appeal that her minimal likelihood of recidivation and her post-sentencing conduct warrant release, she did not raise these arguments in the district court.  Jones merely argued that her offenses were non-violent and that she would not pose a danger to the community if released.  The district court did not abuse its discretion when it concluded that Jones's abuse of her position as a pharmacist and untruthful trial testimony outweighed the mitigating factors that she cited.  These factors were properly considered, as they were relevant to "the nature and circumstances of the offense" and "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(1), (a)(2)(A).  They were also supported by the record.

Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk